UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Umer M. Masood,

                Petitioner,

    vs.                          REPORT AND RECOMMENDATION

State of Minnesota,

                Respondent.        Civ. No. 08-292 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Umer M. Masood for a Writ of Habeas Corpus under Title 28 U.S.C. §2254.  For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed, for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, which provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1]

## II. Factual and Procedural Background

In 2002, a Minnesota State Court Jury found the Petitioner guilty of tampering with a witness, and of second degree assault.  See, Petition, Docket No. 1, at page (2). He was originally sentenced to 144 months in prison, but his sentence was later reduced to 115 months.  The Petitioner is currently serving his sentence at the Prairie Correctional Facility, in Appleton, Minnesota.

After the Petitioner was convicted and sentenced, he filed a direct appeal in the Minnesota Court of Appeals.  In that appeal, the Petitioner presented the following grounds for relief:  (1) the State presented insufficient evidence to support his conviction; (2) the Trial Court erroneously precluded him from impeaching an adverse witness based on prior convictions; (3) the Trial Court erroneously allowed the Jury to replay a recorded telephone conversation during the Jury's deliberations; and (4)

---

[1]We note that the Petitioner did not tender the $5.00 filing fee for this action when he filed his Petition.  Ordinarily, that omission would have prompted the Court to hold the Petitioner's submissions in abeyance until he paid the proper filing fee, or applied for leave to proceed in forma pauperis.  However, it is readily apparent that this action will have to be summarily dismissed for reasons addressed in the text of this Report, and requiring the fee issue would only delay the inevitable dismissal of this action.

he was entitled to a new Trial because of certain comments allegedly made by President Bush. See, <u>State v. Masood</u>, 2004 WL 235477 at *1 (Minn. App., February 10, 2004). The Minnesota Court of Appeals rejected the Petitioner's first three claims on the merits. <u>Id.</u> at *2-5. The fourth claim was procedurally defaulted, because it had not been properly preserved for appellate review. <u>Id.</u> at *6. The Petitioner applied to the Minnesota Supreme Court for further review of his conviction, but that request was denied on April 28, 2004. <u>Id.</u> at *1.

Sometime later, the Petitioner filed a post-conviction Motion in the Trial Court, in which he challenged his conviction based on several new arguments. See, <u>Petition</u>, supra at pp. (3)-(4), ¶¶10, 11. According to the Petitioner's current Habeas Corpus Petition, the Post-Conviction Motion raised the following grounds for relief: "Unlawful arrest, prosecutorial misconduct, unlawful search and seizure, denied right to confront co-defendant about plea bargain, ineffective assistance of counsel, hearsay allowed in trial, malicious prosecution, violations of constitutional amendments: 4th, 5th, 6th, 8th, and 14th, Trial Judge had no Oath of Office." <u>Id</u>.

The current Petition further reports that the Petitioner's Post-Conviction Motion was denied on January 10, 2008. <u>Id.</u> at ¶11(a)(6). It appears that, as of January 23,

2008, the date when the current Petition purportedly was signed, the Petitioner had not yet appealed the Trial Court's rulings on the Post-Conviction Motion.  Id. at ¶11(d).

The Petitioner's current Petition, which was filed on January 31, 2008, lists four grounds for relief, that the Petitioner has described as follows:  (1) "Winona Trial Judge Lawrence Collins did not have an Oath of Office in 2002 as he resided [sic] over my trial;" (2) "Unlawful arrest;" (3) "Prosecutorial Misconduct;" and (4) "Malicious Prosecution."  Id. at pp. (5)-(6), ¶12.  However, we find that none of those claims has been fairly presented to, and decided on the merits by, the Minnesota Appellate Courts.  As a consequence, we recommend that this action be dismissed, but without prejudice, due to the non-exhaustion of State Court remedies.

### III. Discussion

1.       Standard of Review.  It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies.  See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982); see also, Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"),

quoting Title 18 U.S.C. §2254(b)(1)(A).   The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal constitutional errors raised by State prisoners.  See, O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

    In order to exhaust his State Court remedies, a prisoner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court.  See, O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at 365-66; see also, Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court.").  The exhaustion of State remedies

requires more than the fact that the Federal Habeas applicant has been through the State Courts.  See, <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).

To serve the purposes of exhaustion, the State Courts must have the first opportunity to hear the claim, which is sought to be vindicated in a Federal Habeas proceeding.  <u>Id</u>. at 275-76.  The State Courts have an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue.  See, <u>Cox v. Burger</u>, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005), quoting <u>Barrett v. Acevedo</u>, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 ( 1999); <u>Abdullah v. Groose</u>, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996).  Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts.  <u>Id</u>.  "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." <u>Id</u>.; see also, <u>Abdullah v. Groose</u>, supra at 412, citing <u>Duncan v. Henry</u>, supra at 366.

Under Minnesota law, "[o]nce a defendant has had a direct appeal, 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." <u>Zenanko v. State</u>, 587 N.W.2d 642,

644-45 (Minn. 1998), quoting State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976).

If the Petitioner has failed to exhaust his State Court remedies, and if the Court to

which he should have presented his claim would now find it procedurally barred, the

claim is procedurally defaulted.  See, Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir.

1995), cert. denied, 516 U.S. 1056 (1996), citing Coleman v. Thompson, 501 U.S.

722, 735 n.1 (1991)  In addition, if a Petitioner has attempted to raise a claim in State

Court, but the State Court determines that the Petitioner has defaulted the claim under

a State procedural rule, Federal Courts will not, as a general proposition, consider the

claim on Habeas review.  See, Coleman v. Thompson, supra at 750; Sloan v. Delo,

supra at 1378.

Accordingly, "[a] default under a state procedural rule bars consideration of a

federal claim presented to the state courts if the last state court to review the claim

specifically rested its decision on an adequate and independent state ground * * *."

Sloan v. Delo, supra at 1378, citing Harris v. Reed, 489 U.S. 255, 260-63 (1989).  A

claim that is procedurally defaulted under State law, however, is barred from Federal

review only if the State procedural rule is firmly established and regularly followed.

See, Oxford v. Delo, 59 F.3d 741, 744 (8th Cir. 1995), cert. denied, 517 U.S. 1124

(1996), citing Ford v. Georgia, 498 U.S. 411, 423-24 (1991); see also, Harris v. Reed,

supra at 262 ("[A]n adequate and independent finding of procedural default [as a matter of State law] will bar federal habeas review of the federal claim.").

Although the State Court procedural bar is "nearly absolute," a Petitioner can avoid the bar if he "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law," or shows his actual innocence. <u>Reagan v. Norris</u>, 279 F.3d 651, 656 (8th Cir. 2002), quoting <u>Coleman v. Thompson</u>, supra at 750.

2.    <u>Legal Analysis</u>.  Here, it is readily apparent that the Petitioner has not satisfied the exhaustion of State Court remedies requirement, because none of his current claims for relief has ever been presented to any Minnesota Appellate Courts. The only claims that the Petitioner has raised in the State Appellate Courts are those that he asserted in his direct appeal, and none of those claims is presented here.  It appears that some of the Petitioner's current claims, though perhaps not all of them, were raised in the Petitioner's Post-Conviction Motion.  However, the Petitioner has not exhausted his State Court remedies for any of the claims that he raised in his Post-Conviction Motion, because he has not presented any of those claims to the Minnesota Court of Appeals, or the Minnesota Supreme Court.  Therefore, we find that the

Petitioner has not satisfied the exhaustion of State Court remedies requirement for any of the claims listed in his current Habeas Corpus Petition.

Since the Petitioner has not exhausted his State Court remedies, his current Petition must be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, the Petitioner might still be able to satisfy the exhaustion requirement, by seeking further review of his post-conviction claims in the Minnesota Court of Appeals and, if necessary, in the Minnesota Supreme Court.  Therefore, we will recommend that the present Petition be dismissed without prejudice, so that the Petitioner can attempt to exhaust his State Court remedies, and then return to Federal Court, if necessary, after all of his claims have been fairly presented to, and decided on the merits by, the State Courts, including the Minnesota Supreme Court.  See, Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).[2]

---

[2]We note that the Petitioner's post-conviction claims apparently were denied by the Trial Court, but not on the merits, as they were found to be time-barred under a State procedural rule.  See, Petition, Docket No. 1, p. (4), ¶11(a)(5).  If that ruling were to be upheld by the Minnesota Court of Appeals, or if the Court of Appeals were to summarily dismiss a new appeal due to its untimeliness, then the Petitioner's post-conviction claims would appear to be procedurally defaulted for Federal Habeas Corpus purposes.  The Petitioner is again advised that any claims that the State Courts refuse to decide on their merits because of a State procedural rule will not be reviewable in a future Federal Habeas Corpus proceeding, except upon a showing of either: (1) sufficient cause and prejudice to excuse the procedural default; or (2) new

(continued...)

NOW, THEREFORE, It is –

RECOMMENDED:

1.      That the Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be denied.

2.      That this action be summarily dismissed, but without prejudice.


Dated:  February 6, 2008                     s/Raymond L. Erickson
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE


_____

    ²(...continued)
evidence that proves his actual innocence.  See, Coleman v. Thompson, 501 U.S. 722, 750 (1991).

        We further note that, aside from any State procedural bars that may affect the Petitioner's eligibility for future Federal Habeas Corpus review, he may also be barred from seeking such review by reason of the one-year statute of limitations that applies to Federal Habeas petitions.  See, Title 28 U.S.C. §2244(d).  Given the date of the Petitioner's conviction, which was in November of 2002, there is obvious reason to suspect that it may already be too late for him to seek Federal Habeas relief. However, based on the limited information in the present Petition, we cannot fully determine, at this time, how the statute of limitations might affect the Petitioner.

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 25, 2008**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 25, 2008**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.